O

# United States District Court
# Central District of California

| | |
|---|---|
| T.S., <br><br> Plaintiff, <br><br> v. <br><br> LONG BEACH UNIFIED SCHOOL DISTRICT, <br><br> Defendant. | Case № 2:22-cv-01491-ODW (DFMx) <br><br> **ORDER DENYING MOTION FOR DISCOVERY AND TO SUPPLEMENT THE ADMINISTRATIVE RECORD [29]** |

## I.  INTRODUCTION

Plaintiff T.S., by and through his guardian ad litem, appeals from a decision of the California Office of Administrative Hearings ("OAH"), pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* (*See* Compl., ECF No. 3.)  Now pending before the Court is T.S.'s Motion for Discovery and to Supplement the Administrative Record ("AR").  (Mot. Disc. & Suppl. ("Mot." or "Motion"), ECF No. 29.)  For the following reasons, T.S.'s Motion is **DENIED**.[1]

## II.  BACKGROUND

At the time of the OAH administrative hearing at issue ("OAH Hearing"), T.S. was thirteen years old and in eighth grade.  (*See* Notice of Lodging AR 1297–1333

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

("OAH Decision"), at 1301, ECF No. 35.) T.S. qualifies for special education under the IDEA in the eligibility category of autism. (*Id.*)

In March 2021, T.S. filed an administrative complaint against the District, OAH Case No. 2021030090. (*See* Compl. ¶ 15; OAH Decision 1297.) The Administrative Law Judge ("ALJ") heard the case over seven days in October 2021 and held that the District prevailed fully on five issues and T.S. prevailed fully on one. (Compl. ¶ 16; OAH Decision 1297, 1331.) T.S. appeals the ALJ's decision as to all issues on which he did not prevail as well as to the remedy awarded on the issue for which he did. (*See generally* Compl.) He now moves for discovery and to supplement the AR. (*See* Mot.) The Motion is fully briefed. (*See* Opp'n, ECF No. 36; Reply, ECF No. 37.)

### III.     LEGAL STANDARD

There is generally no discovery in IDEA cases. *M.C. v. Antelope Valley Union High Sch. Dist.*, 858 F.3d 1189, 1199 (9th Cir. 2017). However, "IDEA mandates that, on review of an administrative decision, the district court 'shall hear additional evidence at the request of a party.'" *E.M. ex rel. E.M. v. Pajaro Valley Unified Sch. Dist. Off. of Admin. Hearings*, 652 F.3d 999, 1004 (9th Cir. 2011) (quoting 20 U.S.C. § 1415(i)(2)(C)(ii)). Importantly, "not all evidence is 'additional evidence'" that a court must hear. *Id.*

"The starting point for determining what additional evidence should be received . . . is the record of the administrative hearing." *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1473 (9th Cir. 1993) (quoting *Town of Burlington v. Dep't of Educ.*, 736 F.2d 773, 790 (1st Cir. 1984)). "[U]nder [Ninth Circuit] precedent, evidence that is non-cumulative, relevant, and otherwise admissible constitutes 'additional evidence' that the district court 'shall' consider pursuant to 20 U.S.C. § 1415(i)(2)(C)(ii)." *E.M.*, 652 F.3d at 1004–05. Thus, "evidence concerning relevant events occurring subsequent to the administrative hearing" generally qualifies as additional evidence. *Ojai*, 4 F.3d at 1473. On the other hand, "a district court need not consider evidence that simply repeats or embellishes evidence taken at the

administrative hearing, nor should it admit evidence that changes 'the character of the hearing from one of review to a trial *de novo*.'" *E.M.*, 652 F.3d at 1004 (quoting *Ojai*, 4 F.3d at 1473).

## IV. DISCUSSION

T.S. moves for discovery and to supplement the AR with two categories of documents. First, T.S. seeks education records concerning primarily the 2020 extended school year ("ESY"), which he contends are relevant to the ALJ's determination that the District did not deny T.S. a free appropriate public education ("FAPE") by failing to provide educational records when requested by Parent. Second, T.S. seeks records from Dr. Eric Ikeda, who assessed T.S. regarding V.T, which T.S. contends are relevant to the ALJ's determination that the District did not deny T.S. a FAPE by failing to obtain a second VT evaluation by Dr. Ikeda. (*See* Mot. 2–6; OAH Decision 1331.)

### A. Educational Records

Parents have the right to request and receive their child's education records within five business days. Cal. Educ. Code § 56504. Education records under the IDEA are defined by the federal Family Educational Rights and Privacy Act to include "records, files, documents, and other materials" containing "information directly related to a student," other than directory information, which "are maintained by an educational agency or institution or by a person acting for such agency or institution." 20 U.S.C. § 1232g(a)(4)(A); *see* Cal. Educ. Code § 49061(b); 34 C.F.R. § 99.3. A student's education records do not include "records of instructional, supervisory, and administrative personnel . . . which are in the sole possession of the maker thereof and which are not accessible or revealed to any other person except a substitute." 20 U.S.C. § 1232g(a)(4)(B)(i); Cal. Educ. Code § 49061(b); 34 C.F.R. § 99.3.

T.S. argues that his parents requested his education records several times in advance of the OAH Hearing and the District provided some, but not all, of the records requested. (Mot. 2; Decl. Tania Whiteleather ISO Mot. 1–2, ECF No. 29-2.)

In the introduction to the Motion, T.S. lists a host of documents that he claims exist but were not produced, (Mot. 2), but focuses his argument on only "actual attendance" records of T.S. for ESY 2020, (*see generally id.* at 2–10). The Court focuses its analysis correspondingly.

T.S. asserts that District employee Jennifer Santo, ESY 2020 teacher, testified "she had personally created" "actual attendance reports" "for each day that T.S. had attended her class," and argues that these reports should have been produced to T.S.'s parents in response to their records requests. (Mot. 4; *see* Reply 4–5 (citing AR 2606–08).) T.S. misconstrues Santo's testimony. She did not testify that she "created" "actual attendance" records, but rather only that she took roll every day and submitted that attendance digitally to the District. (AR 2607 ("I don't remember what days he attended because we take roll, and I don't keep those documents."), 2608 ("Well, we had to turn it in digitally through the system.").) Contrary to T.S.'s assertion, Santo's testimony does not establish that unproduced ESY 2020 documents exist.

To the extent T.S. seeks to supplement the AR with records outside the statutory definition of "education records," such records are irrelevant to the issue on appeal: whether the District denied T.S. a FAPE by failing to provide *education records* upon request. (*See* Compl. ¶ 15(5); OAH Decision 1331.) Thus, allowing the requested supplementation would impermissibly change "the character of the hearing from one of review to a trial *de novo*." *E.M.*, 652 F.3d at 1004.

Accordingly, the records T.S. seeks concerning ESY 2020 are not "additional evidence" the Court must consider. *See id.* at 1005.

**B.     Dr. Ikeda**

T.S. also seeks records from Dr. Ikeda that he claims are relevant to his appeal of the holding that the District "did not deny [T.S.] a FAPE . . . by failing to obtain a second vision therapy evaluation by Dr. Eric Ikeda." (OAH Decision 1331; *id.* at 1318–24; Mot. 4–5.) Specifically, T.S. contends Dr. Ikeda's records will show that T.S.'s parents called to set up a second VT assessment. (Mot. 5, 7, 10.) T.S. also

seeks to supplement the AR with a May 12, 2021 letter from Dr. Ikeda to the District, which T.S. argues will show that Dr. Ikeda believed T.S. needed VT. (*Id.* at 4–5, 10.)[2]

The records T.S. seeks from Dr. Ikeda were available at the time of hearing and would be cumulative of testimony and evidence in the AR. For example, at the time of the OAH Hearing, T.S. possessed the May 2021 letter he now seeks to add to the AR. T.S.'s attorney questioned both Dr. Ikeda and T.S.'s father about the letter. (*See* AR 2102, 2462–63.) T.S. chose not to enter the letter into evidence. (*See* AR 2515–16.) He argues he did not enter the letter into evidence because he needed Dr. Ikeda's records to authenticate the letter and establish that Dr. Ikeda sent it to the District. (Reply 6–7.) But T.S.'s attorney questioned Dr. Ikeda regarding the letter and thus had the opportunity to elicit his testimony on these points. (*See* AR 2102.) Evidence previously available and intentionally not entered into the record at hearing is not "additional evidence" the Court must consider in this appeal. *See E.M.*, 652 F.3d at 1005.

In sum, the records T.S. seeks with the Motion "simply repeat[] or embellish[] evidence taken at the administrative hearing." *Id.* at 1004. Were the Court to permit T.S. to supplement the AR with these records, they would change "the character of the hearing from one of review to a trial *de novo*," as the Court would be tasked with evaluating evidence and claims anew. *E.M.*, 652 F.3d at 1004 (internal quotation marks omitted). Accordingly, the Court **DENIES** T.S.'s Motion.

---

[2] T.S. claims he issued a subpoena duces tecum ("SDT") for Dr. Ikeda to produce the requested records at the OAH Hearing, but Dr. Ikeda did not. (Mot. 7.) T.S. submits a copy of the SDT purportedly served on Dr. Ikeda. (Suppl. Decl. Tania L. Whiteleather ISO Reply Ex. 1 ("SDT"), ECF No. 37-2.) However, the proof of service for the SDT indicates that service on Dr. Ikeda was "unsuccessful." (*Id.* at 7.)

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** T.S.'s Motion for Discovery and to Supplement the AR. (ECF No. 29.)

**IT IS SO ORDERED.**

June 16, 2023

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**
