O

## United States District Court
## Central District of California

| | |
|---|---|
| T.S.,<br><br>          Plaintiff,<br><br>     v.<br><br>LONG BEACH UNIFIED SCHOOL DISTRICT,<br><br>          Defendant. | Case No. 2:22-cv-01491-ODW (DFMx)<br><br>**ORDER DENYING MOTIONS FOR ATTORNEYS' FEES WITHOUT PREJUDICE [51] [53]** |

Following the Court's Order on Administrative Appeal, affirming the decision of the California Office of Administrative Hearings ("OAH"), (ECF No. 48), Plaintiff and Defendant each moved for attorneys' fees ("Motions"), (Pl. Mot. Fees, ECF No. 51; Def. Mot. Fees, ECF No. 53). Before any additional briefing on the Motions, Plaintiff appealed to the Ninth Circuit. (Notice Appeal, ECF No. 56.)

When an appeal on the merits is filed, a district court has discretion to rule on a claim for fees, defer its ruling on the motion, or deny the motion without prejudice and direct a new filing period for filing after the claim has been resolved. Fed. R. Civ. P. 54(d)(2), Advisory Committee Notes (1993 Amendment); *Dufour v. Allen*, No. 2:14-cv-05616 CAS (SSx), 2015 WL 12819170, at *2 (C.D. Cal. Jan. 26, 2015) ("[A] district court has the discretion to defer consideration of an attorneys' fee

motion until resolution of the underlying case's appeal."). "Particularly if the claim for fees involves substantial issues or is likely to be affected by the appellate decision, the district court may prefer to defer consideration of the claim for fees until after the appeal is resolved." Fed. R. Civ. P. 58, Advisory Committee Notes (1993 Amendment). "District courts have exercised their discretion to defer ruling on a motion for attorneys' fees, or to deny the motion without prejudice to being renewed following disposition of the appeal." *Pacing Techs., LLC v. Garmin Int'l, Inc.*, No. 12-cv-01067-BEN (JLB), 2014 WL 2872219, at *2 (S.D. Cal. June 24, 2014).

Given the nature of Plaintiff's appeal, and upon consideration of the Motions for Attorneys' Fees, the Court **DENIES WITHOUT PREJUDICE** both Motions. (ECF Nos. 51, 53.) The hearing on September 18, 2023, is **VACATED**. If appropriate, the parties may renew their Motions **within 30 days of the entry of the Ninth Circuit's Mandate on the pending appeal**.

**IT IS SO ORDERED.**

August 14, 2023

_____
          **OTIS D. WRIGHT, II**
    **UNITED STATES DISTRICT JUDGE**